UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DANNY RAY LILES,<br><br>        Petitioner,<br>v.<br><br>DISTRICT OF MINNESOTA,<br><br>        Respondent. | Civil No. 11-683 (DSD/LIB)<br><br>**REPORT AND RECOMMENDATION** |

      This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. (Docket No. 1.) The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Petitioner's habeas corpus petition be construed to be a motion for relief under 28 U.S.C. § 2255, and that this matter be transferred to the United States District Court for the Southern District of Iowa.

## I. BACKGROUND

      Petitioner is a prisoner at the Federal Medical Center in Rochester, Minnesota. He is serving a 240-month federal prison sentence that was imposed in August 2009, in the United States District Court for the Southern District of Iowa. Petitioner was sentenced after a jury found him guilty of conspiracy to manufacture a controlled substance.

      After Petitioner was convicted and sentenced, he filed a direct appeal that raised several claims for relief. However, the Eighth Circuit Court of Appeals rejected all of Petitioner's claims on the merits, and upheld his conviction and sentence. United States v. Liles, 373 Fed.Appx. 652 (8th Cir. 2010) (per curiam) (unpublished opinion).

The present habeas corpus petition seems to indicate that Petitioner has previously filed a motion in the trial court, (the Southern District of Iowa), seeking post-conviction relief under 28 U.S.C. § 2255. (See Petition, pp. 3-4, §§ 10-11.) However, the trial court record in Petitioner's criminal case does not include any mention of any such motion.[1] Because Petitioner has not clearly demonstrated that he actually did file a § 2255 motion, the Court presently finds, based on the trial court record, that no § 2255 motion has been filed.

Petitioner filed his current § 2241 habeas corpus petition on March 21, 2011. This petition lists three grounds for relief, which, repeated verbatim and in their entirety, are as follows: (1) "Speedy Trial Act," (2) "Bad repersention [sic]," and (3) "Illegal search." (Petition, p. 3, § 9.) Petitioner's explication of his claims obviously leaves much to be desired. However, it is also obvious that Petitioner must be seeking review of his criminal conviction in the Southern District of Iowa. Giving Petitioner's pleading the benefit of liberal construction, it seems quite clear that he is claiming (1) that he was deprived of his constitutional right to a speedy trial, (2) that he was deprived of his constitutional right to effective assistance of counsel, and (3) that he was convicted based on evidence obtained as a result of a search that violated his constitutional rights under the Fourth Amendment.

For the reasons discussed below, the Court finds that Petitioner cannot challenge his conviction and sentence in a habeas corpus petition brought under 28 U.S.C. § 2241.

---

[1] The docket sheet for Petitioner's original criminal case is accessible to the Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal courts. Therefore, the Court has been able to review the entire record in Petitioner's criminal case in the Southern District of Iowa. That record show that Petitioner recently filed a motion in the trial court seeking copies of certain transcripts, which he apparently intended to use to support a contemplated § 2255 motion. However, it clearly appears that Petitioner has not actually filed a § 2255 motion in the trial court.

Petitioner's current claims for relief can be raised only in a motion brought before the original trial court, pursuant to 28 U.S.C. § 2255.

## II. DISCUSSION

28 U.S.C. § 2255(e) provides that –

"[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Thus, as a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. Abdullah v. Hedrick, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005). See also Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003) ("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241").

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence under 28 U.S.C. § 2241, unless the prisoner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same). The "inadequate or ineffective remedy"

exception is sometimes called the "savings clause," (Abdullah, 392 F.3d at 959), because when it applies, it can save a § 2241 habeas petition from being dismissed under the § 2255 exclusive remedy rule.

In this case, it clearly appears that Petitioner is challenging his 2009 criminal conviction in the Southern District of Iowa. Because Petitioner is directly challenging the validity of his conviction in his Iowa case, his current habeas corpus petition is barred by § 2255's exclusive remedy rule, unless the savings clause applies here.

Petitioner has made no effort to show that a § 2255 motion would be "inadequate or ineffective," and the Court cannot independently discern any valid reason why Petitioner should not be required to pursue that remedy. Because Petitioner has not demonstrated that the remedy provided by § 2255 is "inadequate or ineffective" for his current challenges to his conviction, his § 2241 habeas corpus petition cannot be entertained here.

Although the current petition could properly be dismissed without prejudice for lack of jurisdiction, (Cable v. Chaconne, 368 F.2d 183, 184 (8th Cir. 1966) (per curiam)), the Court finds that the interests of justice would be better served by transferring this case to the only district that might properly be able to entertain Petitioner's current claims -- namely the Southern District of Iowa. See 28 U.S.C. §§ 1406(a) and 1631. The Court will therefore recommend that the instant petition be construed to be a motion for relief filed under 28 U.S.C. § 2255, and transferred to the trial court in that District. See Castro v. United States, 540 U.S. 375, 381-82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... [Citations omitted.] They may do so in order to avoid an unnecessary dismissal,... to avoid inappropriately stringent application of formal

labeling requirements... [citation omitted], or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis.").

The Court recognizes that the instant habeas corpus petition cannot properly be construed to be a § 2255 motion unless two pre-conditions are met. Morales v. United States, 304 F.3d 764, 767 (8th Cir. 2002).[2] First, Petitioner must be warned – and he is hereby warned – that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and he must therefore include all of his collateral claims in a single application for post-conviction relief. If Petitioner has not included all of his collateral challenges in his current petition, he may want to withdraw or amend his petition, so that he does not lose any of his claims under the rules governing successive § 2255 motions. Id.[3] Petitioner should also be mindful of the statute of limitations that applies to § 2255 motions. Id.[4]

Secondly, Petitioner must be given "an opportunity either to consent to the reclassification or to withdraw his motion." Id. If Petitioner wishes to take advantage of this opportunity mandated by Morales, and withdraw his current petition, he must do so, in writing, before the expiration of the deadline for filing objections to this Report and Recommendation. If Petitioner does not withdraw his current petition by that deadline, he

---

[2] See also Castro, 540 U.S. at 382-83.

[3] Even if Petitioner has included all of his claims for relief in his current petition, it might still behoove him to file a new pleading, because his current petition does not offer any factual or legal support for any of the three claims listed therein.

[4] It appears that the one-year statute of limitations for filing a § 2255 motion, (28 U.S.C. § 2255(f)), has not yet expired in this case, but it will expire soon. Therefore, if Petitioner intends to withdraw his current petition and file a § 2255 motion in the trial court, or if he intends to amend his current petition, he will have to act very promptly.

will have waived the opportunity to do so.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), should be construed to be a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255; and

2. The Clerk of Court should be directed to transfer this action to the United States District Court for the Southern District of Iowa pursuant to 28 U.S.C. §§ 1406(a) and 1631.

Dated: March 28, 2011

                                             s/Leo I. Brisbois
                                             LEO I. BRISBOIS
                                             United States Magistrate Judge

### N O T I C E

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by April 11, 2011** a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.